### In re WILLIAMS.

Court of Claims of Ohio,
Victims of Crime Division.

No. V94–27552.

Decided Nov. 15, 1995.

*Michael Dale Falleur,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on October 5, 1995 upon applicant Telly Williams's June 1, 1995 objection and notice of appeal to the May 26, 1995 decision of the single commissioner.

The Attorney General and applicant's counsel attended the hearing and presented oral argument for this panel's consideration.

The single commissioner had denied the applicant's claim pursuant to R.C. 2743.52, as the single commissioner found that the applicant failed to prove, by a preponderance of the evidence, that he was a victim of "criminally injurious conduct" as defined in R.C. 2743.51(C).

Applicant's counsel argued that applicant was a victim of criminally injurious conduct when he was bit by a neighbor's Doberman pinscher. The offender, Larry Teague, had attempted to keep his dog on his property; however, the dog escaped and bit applicant. Counsel argued that the offender does not have renter's insurance, and although he originally offered to pay applicant's medical bill, he has not responded to requests to do so. The Attorney General argued that criminally injurious conduct did not occur and that a dog being loose on its owner's property does not establish a failure to control. However, it should be noted the offender lives at an apartment complex and the yard is a common area.

From review of the file, with full consideration given to the oral argument presented at the hearing, this panel finds that the applicant was a victim of "criminally injurious conduct" as defined by R.C. 2743.51(C).

R.C. 2743.51(C) states, in pertinent part:

"(C) 'Criminally injurious conduct' means either of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the *person* engaging in the conduct lacked capacity to commit the crime under the laws of this state. * * * " (Emphasis added.)

R.C. 955.22(C) states as follows:

"(C) No owner, keeper, or harborer of any dog shall fail at any time to keep it either physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape, or under reasonable control of some person, except when the dog is lawfully engaged in hunting accompanied by the owner, keeper, or harborer or a handler."

The court in *In re Cooney* (July 26, 1994), Ct. of Cl. No. V92–49401tc, unreported, held that an applicant is a victim of criminally injurious conduct when bitten by a dog that the offender owned and failed to keep under reasonable control as required by R.C. 955.22(C).

The applicant in the present claim was bitten by a dog owned by Larry Teague after Teague attempted to untie the dog and it got loose. R.C. 955.22(C) requires Teague to keep his dog under reasonable control, and although the dog was tied up shortly before it bit applicant, the dog escaped from its owner and bit applicant, who has incurred allowable expense in the amount of $203.

This panel, having found applicant was a victim of "criminally injurious conduct" as defined by R.C. 2743.51(C), finds that the May 26, 1995 order of the single commissioner shall be reversed. This panel also finds that applicant has incurred $203 in allowable expense that shall be awarded to applicant.

IT IS THEREFORE ORDERED THAT:

1.  The May 26, 1995 order of the single commissioner is REVERSED;

2.  Judgment is rendered against the state of Ohio and the Office of Budget and Management as its agent for payment of the award in the amount of $203;

3.  The Clerk shall certify the judgment, in the amount of $203, to the Director of the Office of Budget and Management for payment to the applicant pursuant to R.C. 2743.191;

4.  When certifying this judgment, the Clerk shall send to the Director of the Office of Budget and Management a copy of this order and the May 26, 1995 order of the single commissioner;

5.  This award is expressly conditioned upon the subrogation provisions of R.C. 2743.72, which require any benefits or advantages received from any collateral source, including the offender, be repaid to the state of Ohio;

6.  Costs assumed by the reparations fund.

*Judgment accordingly.*

DALE A. THOMPSON, WILLIAM A. CARROLL and STEVEN A. LARSON, Commissioners, concur.